UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLINA VASCONCELOS, et al.,

    Plaintiffs,

                                   Case No. 1:25-cv-732
v.

                                   Hon. Hala Y. Jarbou
SPARKLE WINDOW PROS INC., et al.,

    Defendants.

_____/

## OPINION

Plaintiffs Carolina Vasconcelos, Patricia Vasconcelos, Tristan Abel Perez, and Sheila Salazar Vasconcelos bring this employment lawsuit against Defendants Sparkle Windows Pro, Inc., and Sam Rodriguez under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and Michigan's Improved Workforce Opportunity Wage Act (IWOWA), Mich. Comp. Laws §§ 408.931–408.945.  Plaintiffs allege that Defendants failed to pay them for their final weeks of work, consistently paid them late, and terminated them in retaliation for bringing these issues to their attention.  Neither defendant responded to the complaint, and the Clerk of Court entered a default as to both defendants on September 26, 2025 (ECF No. 8).  Plaintiffs now move for a default judgment (ECF No. 10).  For the reasons explained below, the Court will deny the motion without prejudice.

## I. BACKGROUND

Plaintiffs were employed by Defendants to assist with cleaning a bar and washing a parking garage from March 1 through May 31, 2024.  (Compl. ¶¶ 24–29, ECF No. 1.)  Carolina, Patricia, and Sheila typically worked 15 hours per week.  (*Id.* ¶ 30.)  Tristan worked, on average, 35 to 40 hours a week.  (*Id.* ¶ 31.) Plaintiffs allege they were generally paid $25 an hour, but that Carolina,

Patricia, and Sheila were not compensated for their final three weeks of work, and that Tristan was not compensated for his final two weeks of work.  (*Id.* ¶¶ 34–35.)  In an affidavit, however, Tristan asserts that he worked for only one week, that his hourly rate was $20, and that he was "partially compensated" for his work.  (Perez Aff. ¶ 2, ECF No. 10-4.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default judgments.  *See* Fed. R. Civ. P. 55.  Before requesting a default judgment, the plaintiff must seek an entry of default from the clerk.  *See* Fed. R. Civ. P. 55(a).  Once a default has been entered, there are two mechanisms for the entry of a default judgment: by the clerk or by the Court.  The clerk must enter default judgment upon the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation" and the defendant is a legally competent adult who has failed to appear. Fed. R. Civ. P. 55(b)(1).  Otherwise, the plaintiff must request default judgment from the Court, which makes a discretionary determination as to whether such judgment is warranted.  *See* Fed. R. Civ. P. 55(b)(2); *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013).

In ruling on a motion for default judgment under Rule 55(b)(2), the Court considers the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits."  *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).  "Default judgment on a particular claim can stand only if there was a sufficient basis in the pleadings for the judgment entered."  *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022) (internal quotation marks omitted).  In determining whether default judgment is warranted, the Court accepts the factual allegations in the complaint as true, except as it relates to damages.  *Id.* at 403.  "Where damages are unliquidated a default admits only the defaulting party's

liability and the amount of damages must be proved." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).  "The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id.*

### III. ANALYSIS

Plaintiffs bring claims for (1) failure to pay minimum wage under the FLSA and IWOWA, and (2) retaliation under the FLSA.  Before granting default judgment, the Court must determine whether Plaintiffs sufficiently alleged facts to state their claims.

### A. Failure to Pay Minimum Wage

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in [interstate] commerce or in the production of goods for [interstate] commerce, or is employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce, wages" of at least "$7.25 an hour."  29 U.S.C. § 206(a)(1)(C); *see* 29 U.S.C. § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof").  Similarly, in 2024 IWOWA provided for a minimum wage of $10.56 an hour.  *See* Mich. Comp. Laws § 408.934 (2019).  Here, IWOWA's exemption for FLSA-covered employers is inapplicable because the state minimum wage is higher than the federal.  *See id.* § 408.940(1) (2019).

Plaintiffs' minimum wage claims are based on allegations that Defendants paid them late and did not pay them at all in their final weeks of work (or in the case of Tristan, did not fully compensate him for his one week of work).  As an initial matter, Plaintiffs have not alleged facts from which to infer that the FLSA applies because they have not alleged a nexus to interstate commerce.  Plaintiffs allege that they washed buildings.  They do not allege facts establishing that

they were engaged in interstate commerce or that they were employed by an enterprise engaged in such commerce.

Even assuming Plaintiffs have satisfied the interstate commerce aspect of their FLSA claim, Plaintiffs have not stated a claim for late wages under that statute.  "Courts have long interpreted the FLSA as requiring that" payments of wages to which employees are entitled "be timely made."  *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580, 590–91 (6th Cir. 2002); *see Athan v. U.S. Steel*, 364 F. Supp. 3d 748, 753 (E.D. Mich. 2019) ("[T]he right to payment of minimum wage under FLSA is the right to 'on-time' payment." (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 (1945))).  Thus, "[a]n employer violates § 206 when it fails to pay a minimum-wage worker for the full number of hours she worked in a timely manner."  *Athan*, 364 F. Supp. 3d at 753.  Here, Plaintiffs provide no details about the timing of the late payments, so the Court cannot determine whether the ultimate payments made by Defendants were timely.  Thus, Plaintiffs have not stated a claim for the delayed wages.[1]

As to Carolina, Patricia, and Sheila, an unpaid wage is certainly less than the minimum rate $10.56 per hour in IWOWA, so they state a claim for unpaid wages under IWOWA.  But because Defendants paid Tristan for his week of work, he does not state such a claim.  He does not allege that Defendants paid him less than the minimum wage required by IWOWA.

However, Carolina, Patricia, and Sheila have not properly established their damages.  They provide spreadsheets purporting to show the weeks in which they were not paid and the hours they worked during those weeks, but those spreadsheets are not authenticated or supported by proper affidavits or declarations, so they are not evidence.

---

[1] Plaintiffs provide no argument or case law regarding whether IWOWA similarly allows recovery for late-paid minimum wages.  Because the Court finds Plaintiffs have not stated a claim for the above reasons, it does not resolve this legal question.

In addition, Plaintiffs miscalculate the damages to which they are entitled.  Plaintiffs apparently believe that their damages for unpaid wages are based on the wages they should have received at their usual hourly rates.  However, IWOWA provides that an employee may recover "the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages." Mich. Comp. Laws § 408.939.  Thus, if an employee is not paid at all for hours worked, IWOWA only entitles them to recover the amount the employer was *required* to pay them based on the minimum wage—not the amount the employer promised to pay based on the employee's regular hourly rate.  Similarly, the FLSA only allows recovery of "the amount of [the employee's] unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b); *see Young v. Fam. Matters Learning Ctr., LLC*, No. 1:25-CV-262, 2026 WL 89560, at *4 (S.D. Ohio Jan. 13, 2026) ("[A]n employee's recovery is limited to the federal minimum wage; the FLSA does not cover the difference between the federal minimum wage and the employee's regular wage, called 'gap time.'").  Accordingly, Plaintiffs can only recover the amounts their employer was *required* to pay under IWOWA's minimum wage provision, not the amounts they expected their employer to pay.

In sum, Plaintiffs have not stated an FLSA claim for unpaid or late wages and Plaintiff Tristan does not state a claim for unpaid wages under IWOWA.  The other Plaintiffs have stated a claim for unpaid wages under IWOWA, but they have not adequately established their damages for these claims.

### B. Retaliation

The FLSA prohibits an employer from retaliating against an employee because that employee "has filed any complaint" related to the FLSA.  29 U.S.C. § 215(a)(3).  Filing a complaint includes making an oral complaint to the employer.  *Kasten v. Saint-Gobain*

5

*Performance Plastics Corp.*, 563 U.S. 1, 4 (2004).  Plaintiffs allege that Defendants terminated them after they "repeatedly brought their concerns regarding the unpaid wages to Defendant Rodriguez."  (Compl. ¶ 36, ECF No. 1.)  But "[w]hile an employee need not explicitly mention the FLSA, she must do something to give fair notice that she is actually complaining about overtime or a lack of fair compensation, i.e. the core things the FLSA protects."  *Rogers v. Webstaurant Store, Inc.*, 774 F. App'x 278, 280 (6th Cir. 2019).  "Not every grumble or 'expression[ ] of concern or discomfort or frustration' by an employee constitutes an FLSA complaint."  *Id.* at 281 (quoting *Robinson v. Wal-Mart Stores, Inc.*, 341 F. Supp. 2d 759, 763 (W.D. Mich. 2004)).  Without more specifics regarding what Plaintiffs told Defendants (or whether Defendants were actually required to pay Plaintiffs a minimum wage under the FLSA), the Court is not persuaded that Plaintiffs have adequately alleged protected conduct.

In addition, Plaintiffs must establish causation.  They must "allege factual content sufficient to allow a court to 'draw the reasonable inference' that the employer discriminated or retaliated against the plaintiff" for the protected conduct.  *Lee v. Vanderbilt Univ.*, No. 22-5607, 2023 WL 4188341, at *3 (6th Cir. June 22, 2023) (quoting *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)).  Plaintiffs have not met this burden.  Plaintiffs simply assert in conclusory fashion that Defendants retaliated against them "by terminating them for inquiring about Defendants' pay practices."  (Compl. ¶ 40.)  Plaintiffs do not allege when they complained or when the terminations occurred.  Even if Plaintiffs complained sometime before they were terminated (which is not clear from the complaint), mere temporal proximity between the employee's protected conduct and the employer's adverse action is usually not sufficient to support an inference of retaliatory motive, though it may suffice if the two events occur closely enough in time.  *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523–25 (6th Cir. 2008).  Here, Plaintiffs allege no facts regarding the

timing of their complaints or of their termination, so the Court cannot infer causation.  Thus, Plaintiffs have not stated a claim for retaliation under the FLSA.

## IV. CONCLUSION

As discussed above, Plaintiffs have not sufficiently alleged any FLSA violations.  And while some Plaintiffs have sufficiently alleged a minimum wage claim under IWOWA, they have not sufficiently established their damages as to those claims.  Thus, the Court will deny the motion for default judgment without prejudice.

Dated: March 20, 2026                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE